IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JERVON R. CLARK, # 236671,                      ) | Civil Action No.3:04-2459-RBH-JRM |
| ) | |
| Plaintiff,                      ) | |
| ) | |
| vs.                      ) | |
| ) | |
| CAPTAIN ANGELA NEASMAN,                      ) | |
| DISCIPLINARY HEARING OFFICER,   ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant.                      ) | |
| _____) | |

Plaintiff, Jevron Clark, filed this action on July 30, 2004.[1] Plaintiff is incarcerated at the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). Defendant filed a motion for summary judgment on May 13, 2005.[2] Because Plaintiff is proceeding pro se, he was advised on November 29, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on June 2, 2005. He filed an additional response on December 6, 2005.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] Defendant failed to timely file a motion for summary judgment and the undersigned forwarded this file to the Honorable R. Bryan Harwell, United States District Judge on May 9, 2005. On May 13, 2005, Defendant filed a motion for summary judgment with a motion to extend time to file dispositive motions. On October 17, 2005, Judge Harwell granted Defendant's motion to extend time to file dispositive motions and this case was referred back to the undersigned.

DISCUSSION

Plaintiff was charged with hostage taking (of correctional officers) at LCI on October 29, 2003. On November 3, 2003, a hearing was held on the charge. Defendant, Angela Neasman, served as the hearing officer. Plaintiff was found guilty of the disciplinary charge. He alleges that his due process rights were violated as to the hearing. Defendant contends that she is entitled to summary judgment because: (1) Plaintiff's procedural rights were not violated; (2) Defendant is entitled to Eleventh Amendment immunity; and (3) Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).[3]

1.   Due Process

Plaintiff appears to allege that his due process rights were violated as to the disciplinary hearing because he was not allowed to be present at the hearing, he was not allowed to cross examine his accuser, he was not allowed to call the correctional officers who were taken hostages as witnesses, he was not allowed to call other inmates as witnesses, and he was not allowed to review the evidence against him. Defendant argues that Plaintiff fails to show that his procedural rights were violated because he received prior notice of his hearing, he declined to be present at the disciplinary hearing, he was represented by an inmate representative, and Plaintiff

---

[3]Claims concerning disciplinary convictions may be barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997)(Heck precludes a § 1983 claim in a prison disciplinary hearing which has not been previously invalidated, where the challenge would necessarily imply the invalidity of the deprivation of good-time credits); see also Kerr v. Orellana, 969 F. Supp. 357 (E.D.Va. 1997)(holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). Here, however, it is unclear whether his claim is barred under Heck and Balisok as Plaintiff did not lose good-time credits as a result of his disciplinary conviction. See Muhammad v. Close, 540 U.S. 749 (2004)(Balisok requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed in cases where the duration of the prisoner's sentence is affected).

was found guilty based on the testimony of a witness who positively identified him as being a participant in the hostage taking of employees.

An inmate's rights at prison disciplinary hearings are defined by the Due Process Clause of the Fourteenth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 568-69 (1974). The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. See Board of Regents v. Roth, 408 U.S. 564, 570 (1972).[4] Thus, the first step in analyzing a procedural due process claim is identifying whether the alleged deprivation impacts such a protected interest. See Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997); Mallette v. County Employee's Retirement System II, 91 F.3d 630, 634 (4th Cir.1996).

Here, Plaintiff fails to state a due process violation because he only lost forty-five days of telephone privileges and did not lose any good-time credits as a result of his disciplinary conviction.[5] It was also recommended that Plaintiff be placed in Supermax confinement at the Kirkland Correctional Institution of SCDC. See Disciplinary Report and Hearing Record (attachment to Complaint and to Defendant's Motion for Summary Judgment). "[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement [including

---

[4]When the Due Process Clause applies, a prisoner is entitled to only a minimal standard of due process in the prison disciplinary setting. The following requirements are sufficient to satisfy this minimal standard of due process in the prison setting:
1.  Advance written notice of the charges;
2.  A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and
3.  The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974).

[5]It was also recommended that restitution be imposed at a later date. There is no indication that restitution was imposed.

administrative segregation], and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991) (en banc); see Beverati v. Smith, 120 F.3d at 502(finding no liberty interest implicated by inmate's placement in segregation).

Plaintiff appears to complain that Defendant failed to follow SCDC policies and/or procedures. An allegation that an SCDC defendant did not followed the institution's policies or procedures, standing alone, does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

2.   Immunity

Defendant argues that she is entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendant is entitled to Eleventh Amendment immunity from monetary damages in her official capacity.

## CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 33) be granted.

                                      Respectfully submitted,

                                      s/Joseph R. McCrorey
                                      United States Magistrate Judge

January 6, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
