**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Jervon R. Clark, # 236671, | ) | Civil Action No.: 3-04-2459-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Captain Angela Neasman, | ) | |
| Disciplinary Hearing Officer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, a state prisoner who is proceeding *pro se*, filed this action on July 30, 2004,

seeking relief pursuant to 42 U.S.C. § 1983 for an alleged due process violation. Specifically, on

October 29, 2003, the plaintiff was charged with hostage taking (of correctional officers) at Lee

Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendant,

Angela Neasman, served as the hearing officer. Plaintiff was found guilty of the disciplinary charge.

Plaintiff alleges that his due process rights were violated as to this hearing.

Presently before the court is a motion for summary judgment filed by the defendant on May 13,

2005. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred

to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. As the

plaintiff is proceeding *pro se*, the Magistrate Judge issued an Order on November 29, 2005, pursuant

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing the plaintiff of the defendant's motion

for summary judgment and the possible consequences if he failed to adequately respond. On June 2,

2005, the plaintiff filed a response in opposition to the motion for summary judgment. Plaintiff filed

an additional response on December 6, 2005. On January 6, 2006, the Magistrate Judge filed a detailed

and comprehensive Report and Recommendation in which he recommends to this court that the

defendant's motion for summary judgment be granted.  In reaching this conclusion, the Magistrate Judge finds that the plaintiff fails to state a due process violation and that the defendant is entitled to Eleventh Amendment immunity from monetary damages in her official capacity.  The plaintiff filed objections to the Report and Recommendation on January 30, 2006.

The Magistrate Judge only makes a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Matthews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).  In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As stated above, the plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  This court will address the objections as follows.

**Due Process**

In the complaint, the plaintiff alleges his due process rights were violated as to the disciplinary hearing because he was not allowed to be present at the hearing, he was not allowed to cross examine his accuser, he was not allowed to call the correctional officers who were taken hostages as witnesses, he was not allowed to call other inmates as witnesses, and he was not allowed to review the evidence against him.

In the Report and Recommendation, the Magistrate Judge finds that the plaintiff fails to state a due process violation because he only lost forty-five days of telephone privileges and did not lose any

good time credits as a result of his disciplinary conviction.[1] As noted in the Report, it appears that the

plaintiff also complains that the defendant did not follow SCDC policies and/or procedures, however,

the Magistrate Judge finds that this allegation, standing alone, does not amount to a constitutional

violation.

In the objections, the plaintiff initially repeats his allegations regarding the alleged due process

deprivations as to the disciplinary hearing. The plaintiff then cites to several cases, apparently in

support of his argument that the defendant's conduct surrounding the hearing violated his due process

rights. However, in order to prevail on a due process claim, the plaintiff must first demonstrate that he

was deprived of "life, liberty, or property" by governmental action. See Plyler v. Moore, 100 F.3d 365,

374 (4th Cir.1996), cert. denied,520 U.S. 1277, 117 S.Ct. 2460, 138 L.Ed.2d 217 (1997); Sylvia Dev.

Corp. v. Calvert County, Md., 48 F.3d 810, 826-27 (4th Cir.1995); Love v. Pepersack, 47 F.3d 120, 122

(4th Cir.1995). In this case, the plaintiff admits in his objections that as a result of the alleged due

process violations surrounding the disciplinary hearing he only lost forty-five days of telephone

privileges and was placed in segregation. This court concurs with the Magistrate Judge's finding that

the result of the disciplinary hearing does not demonstrate a due process violation. The Magistrate

Judge correctly notes in the Report that "changes in a prisoner's location, variations of daily routine,

changes in conditions of confinement [including administrative segregation], and the denial of

privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence

to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991) (*en banc*); see Beverati v. Smith, 120

F.3d 500, 502 (4th Cir. 1997) (finding no liberty interest implicated by inmate's placement in

---

[1] It was also recommended as a result of the disciplinary conviction that the plaintiff be placed in Supermax confinement at the Kirkland Correctional Institute of SCDC.

segregation).  For the reasons stated above, this court finds the plaintiff's objections in this regard are without merit.

**Eleventh Amendment Immunity**

The defendant argues in the motion for summary judgment that she is entitled to Eleventh Amendment Immunity.  After assessing the law in this regard, the Magistrate Judge concludes in the Report and Recommendation that the defendant is entitled to Eleventh Amendment Immunity from monetary damages in her official capacity.

In the objections, the plaintiff states that he "objects to Defendant's claim she would be entitled to this [Eleventh Amendment Immunity] if this was a official capacity suit but plaintiff is asking for monetary damages and never to return to this institution because his due process rights had been violated."  The plaintiff then appears to argue that he has also sued the defendant in her individual capacity.

This court finds that it is not necessary to determine in which capacity the plaintiff has sued the defendant because, as stated above, the court finds that there has been no due process violation.  Thus, the plaintiff's objections in this regard are without merit.

After carefully reviewing the Report, objections, pleadings, memoranda and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 47], and incorporates it herein.  The plaintiff's objections to the Report are hereby overruled.  Accordingly, the defendant's motion for summary judgment [Entry # 33] is **GRANTED**.

4

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 6, 2006
Florence, South Carolina